NOTE: CHANGES MADE BY THE COURT

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Robert Perchlak, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>Liddle & Liddle, A Professional Corporation,<br><br>Defendant. | Case No. 2:19-cv-09461-JFW-AFMx<br><br>**ORDER CERTIFYING CLASS AND GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>The Honorable John F. Walter |

After arms-length negotiations, Robert Perchlak ("Plaintiff") and Liddle & Liddle, A Professional Corporation ("Defendant") entered into a Class Action Settlement Agreement (the "Agreement"), which is subject to review under Fed. R. Civ. P. 23. On April 11, 2022, at 1:30 p.m., the case came on for a Final Fairness Hearing on the proposed class action settlement.

On May 19, 2021, the Parties filed the Agreement, together with their Motion for Class Certification and Preliminary Approval of Class Action

1

Settlement Agreement (the "Preliminary Approval Motion"). The Agreement is part of Docket Entry 42-1 in this case.

On July 16, 2021, upon consideration of the parties' Preliminary Approval Motion and the record, the Court entered an Order Conditionally Certifying Class and Granting Preliminary Approval of Settlement (the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things: (1) preliminarily certified (for settlement purposes only) a class of plaintiffs (the "Class Members") with respect to the claims asserted in this lawsuit; (2) preliminarily approved the proposed settlement; (3) appointed Plaintiff as the Class Representative; (4) appointed Russell S. Thompson, IV of the Thompson Consumer Law Group, PC as Class Counsel for the Class Members; and (5) set the date and time of the Final Fairness Hearing.

On November 5, 2021, the date of the Final Fairness Hearing was continued to April 11, 2022, in the Court's Order Granting Notice of Motion and Joint Motion to Extend Class Deadlines.

On March 14, 2022, the Parties filed their Motion for Final Approval of Class Action Settlement (the "Final Approval Motion").

On April 11, 2022, a Final Fairness Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether this action satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair,

reasonable, adequate, and in the best interest of the Class Members and should be fully and finally approved by the Court.

The Parties have requested final certification of the Settlement Class under Fed. R. Civ. P. 23(b)(3) and final approval of the proposed class action settlement.

The Court has read and considered the Agreement, Final Approval Motion, and the record. The definitions set forth in the Agreement are hereby incorporated by reference herein.

NOW, THEREFORE, IT IS HEREBY ORDERED:

The Court has jurisdiction over the subject matter of this action and over all settling parties hereto.

CLASS MEMBERS. Pursuant to Fed. R. Civ. P. 23(b)(3), this action is hereby finally certified as a class action on behalf of all natural persons with a California address to whom Defendant sent a letter based on the Template in connection with the collection of a consumer debt on or after November 3, 2018 through November 3, 2019.

CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT. Pursuant to Fed. R. Civ. P. 23, the Court finally certifies Plaintiff Robert Perchlak as the Class Representative and Russell S. Thompson IV of Thompson Consumer Law Group, PC as Class Counsel for the Class Members.

NOTICES AND CLAIM FORMS. Class action notices and claim forms were mailed to all the Class Members. The form and method for notifying the Class Members of the settlement and its terms and conditions satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process and constituted the best notice practicable under the circumstances. The Court finds that the proposed notice was clearly designed to advise the Class Members of their rights.

FINAL CLASS CERTIFICATION. The Court finds that this action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

The Class Members are so numerous that joinder of all of them in this lawsuit is impracticable;

there are questions of law and fact common to the Class Members, which predominate over any individual questions;

the claims of the Plaintiff are typical of the claims of the Class Members;

Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all the Class Members; and

The issues common to the Class predominate over issues affecting individual Class Members. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a

class action is superior to other available methods for a fair and efficient adjudication of this controversy.

The Court finds that the settlement of this action, on the terms and conditions set forth in the Agreement and as set forth below, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiff's alleged claims; the strength of Defendant's alleged defenses; the stage of the proceedings; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the opinion of counsel; the limited amount of any potential total recovery for the Class; and the fact that Defendant is paying the maximum statutory damages set by law.

SETTLEMENT TERMS.  The Agreement, which is on file in this case shall be deemed incorporated herein, and the proposed settlement set forth in the Agreement is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the Settlement include, but are not limited to, the following:

Defendant shall pay Plaintiff $2,000 ($1,000.00 in statutory damages and $1,000.00 in compensation of his service to the Class).

Defendant, via the Class Administrator, shall make payment to each of the 47 Eligible Class Members the sum of $ 98.98 each, representing each such

person's *pro rata* share of the Settlement Fund of $4,652.29. Any unclaimed funds shall be issued, via the Class Administrator, to the following *cy pres*: Veteran Legal Institute®, 2100 N. Broadway, Suite 209, Santa Ana, CA 92706.

Following class administration, Defendant, via the Class Administrator, shall make payment to Class Administrator of all amounts due and owing up to $10,000. If the cost of class administration is less than $10,000, the remaining amounts shall be included with the *cy pres* distribution.

Defendant shall pay Class Counsel a total of $20,000 in attorneys' fees, costs, and expenses, which the Court finds to be reasonable in relation to the work expended. The Court further finds that the expenses for which reimbursement is sought were reasonably and necessarily incurred.

OBJECTIONS AND EXCLUSIONS.  The Class Members were given a fair and reasonable opportunity to object to the settlement. No Class Member objected to the settlement and no Class Member requested exclusion.

This order is binding on all Class Members, except the persons who validly and timely excluded themselves from the Class.

RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT.  The individual and class Releases set forth in the Agreement are hereby approved.  Pursuant to the release contained in the Agreement, the claims described therein are compromised,

settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this Order.

This Action is hereby dismissed with prejudice as to all other issues and as to all parties and claims.

This Order, the Agreement, and the existence and nature of the Settlement are not, and shall not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding.

The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to this lawsuit and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this Order.

IT IS SO ORDERED.

Dated: April 11, 2022          _____
                                              Hon. John F. Walter